UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>      vs.<br><br>FRANCIS ARAUJO,<br><br>                    Defendant. | Case No.: 2:22-cr-00069-GMN-DJA<br><br>**ORDER GRANTING MOTION TO DISMISS AND MOTION TO WITHDRAW AS COUNSEL** |

Pending before the Court is Defendant Francis Araujo's Motion to Voluntarily Dismiss Motion to Vacate Sentence, (ECF No. 116). The Government filed a response, (ECF No. 118), indicating that it does not object to Defendant's Motion to Dismiss. Also pending before the Court is the Motion to Withdraw as Attorney, (ECF No. 117). For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Voluntarily Dismiss, and **GRANTS** the Motion to Withdraw as Attorney. The Court also **DENIES** Defendant's Motion to Vacate Sentence, (ECF No. 90), and the Government's Motion to Dismiss, (ECF No. 94), as moot.

Defendant plead guilty pursuant to a plea agreement to Conspiracy to Distribute a Controlled Substance and Illegal Possession of Machine Guns and the Government dismissed the remaining six counts. (Plea Agreement, ECF No. 52). The Court sentenced Defendant to 121 months in prison, which was lower than the guideline (151 to 188) and lower than the recommendation by probation (210 months). (J., ECF No. 69). Almost a year after the judgment was entered, Defendant filed a § 2255 Motion seeking to vacate his conviction and sentence. (Mot. to Vacate, ECF No. 90). CJA Counsel was appointed and "after a lot of discussion" Defendant now files the instant Motion to voluntarily dismiss his pending § 2255 Motion. (Id. at 2, emphasis in original).

Federal Rule of Civil Procedure 41(a)(2) permits dismissal by a court at the request of the plaintiff "on terms that the court considers proper." The Court's discretion to grant dismissal under FRCP 41(s)(2) focuses primarily on whether the opposing party can show that it will suffer some legal prejudice as a result. *Smith v. Lenches*, 263 F.3d 972, 875 (9th Cir. 2001). The Government does not oppose Plaintiff's Motion, and therefore does not assert that it will suffer legal prejudice because of dismissal. Accordingly, the Court will DISMISS Defendant's § 2255 Motion under FRCP 41(a)(2).

CJA attorney Jamie Resch was appointed to represent Defendant in the § 2255 proceedings and now seeks to withdraw. The Court is now dismissing the § 2255 Motion and therefore GRANTS the Motion to Withdraw as Attorney.

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 116), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Vacate Sentence, (ECF No. 90), is **DENIED as moot.**

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss, (ECF No. 94), is **DENIED as moot.**

**IT IS FURTHER ORDERED** that the Motion to Withdraw as Attorney, (ECF No. 117), is **GRANTED.** Attorney Jamie Resch will no longer represent Mr. Araujo in this matter.

Dated this 22 day of October, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT